1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TONI A. DUPREE,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br><br>    Defendant. | ) Case No. CV 10-3146 JCG<br>)<br>)<br>)<br>)<br>) **MEMORANDUM OPINION AND**<br>) **ORDER**<br>)<br>)<br>)<br>)<br>)<br>) |

**I.**

**INTRODUCTION AND SUMMARY**

On May 14, 2010, plaintiff Toni Dupree ("Plaintiff") filed a complaint against defendant Michael J. Astrue ("Defendant"), the Commissioner of the Social Security Administration, seeking review of a denial of disability insurance benefits ("DIB") and supplemental security income benefits ("SSI"). [Docket No. 3.] On November 10, 2010, Defendant filed his answer, along with a certified copy of the administrative record. [Docket Nos. 11, 12, 13.]

Both Plaintiff and Defendant consented to proceed for all purposes before the Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Docket Nos. 8, 9.]

Pursuant to a May 10, 2010 case management order, the parties submitted a 9-page joint stipulation for decision on January 10, 2011. [Docket No. 15.] The Court

1   deems the matter suitable for adjudication without oral argument.

2       In sum, having carefully studied, *inter alia*, the parties' joint stipulation and

3   the administrative record, the Court concludes that, as detailed below, the decision of

4   the Appeals Council is supported by substantial evidence.  Thus, the Court affirms

5   the Commissioner's decision denying benefits.

6                                    **II.**

7              **PERTINENT FACTUAL AND PROCEDURAL BACKGROUND**

8       Plaintiff, who was 46 years of age on the date of her administrative hearing,

9   has completed high school.  (*See* Administrative Record ("AR") at 10, 44, 47, 174.)

10  Her past relevant work includes employment as a child daycare center worker.  (*Id.*

11  at 59-60.)

12      Plaintiff protectively filed for DIB and SSI on June 7, 2006, alleging that she

13  has been disabled since June 1, 2006 due to depression and physical ailments.  (AR

14  at 67, 174-78, 179-85, 200, 204.)  Plaintiff's applications were denied initially and

15  upon reconsideration, after which she filed a timely request for a hearing.  (*Id.* at 28,

16  65, 66, 67-71, 76.)

17      On March 25, 2008, Plaintiff, represented by counsel, appeared and testified

18  at a hearing before an ALJ.  (AR at 44, 46-58, 62-63.)  The ALJ also heard

19  testimony from Heidi Paul, a vocational expert ("VE").  (*Id.* at 59-62.)

20      On April 21, 2008, the ALJ denied Plaintiff's request for benefits.  (AR at 28-

21  34.)  Applying the well-known five-step sequential evaluation process, the ALJ

22  found, at step one, that Plaintiff has not engaged in substantial gainful activity since

23  her alleged onset date of disability.  (*Id.* at 30.)

24      At step two, the ALJ found that Plaintiff suffers from severe impairments

25  consisting of "obesity, low back pain, hypertension, and depression."  (AR at 31

26  (emphasis omitted).)

27      At step three, the ALJ determined that the evidence does not demonstrate that

28  Plaintiff's impairment, either individually or in combination, meet or medically

1  equal the severity of any listing set forth in the Social Security regulations.[1]  (AR at

2  31.)

3       The ALJ then assessed Plaintiff's residual functional capacity[2] ("RFC") and

4  determined that she is limited to light work.  (AR at 32.)  The ALJ also found that

5  Plaintiff "can push, pull, lift and carry without limitations," and "[c]limbing,

6  balancing, stooping, kneeling, crouching and crawling can be performed

7  occasionally."  (*Id.* (emphasis omitted).)  Further, the ALJ determined that Plaintiff

8  "is able to perform simple repetitive tasks" and "complet[e] a normal workday and

9  to relate [and] interact with coworkers, supervisors and the public."  (*Id.* (emphasis

10  omitted).)

11       Although not explicitly stated in his RFC finding, the ALJ also indicated that

12  Plaintiff "has moderate difficulties" in social functioning and "[w]ith regard to

13  concentration, persistence or pace."  (AR at 31.)

14       The ALJ found, at step four, that Plaintiff retained the ability to perform her

15  past relevant work as a child daycare center worker.  (AR at 33.)  Thus, the ALJ

16  concluded that Plaintiff was not suffering from a disability as defined by the Act.

17  (*Id.* at 29, 33.)

18       Plaintiff filed a timely request for review of the ALJ's decision, which was

19  granted by the Appeals Council.  (AR at 15-22, 24.)  The Appeals Council disagreed

20  with some of the ALJ's findings, but it nonetheless affirmed his determination that

21  Plaintiff was not disabled.  (*See id.* at 4-11.)  The Appeals Council modified the

---

23  [1]  *See* 20 C.F.R. pt. 404, subpt. P, app. 1.

25  [2]  Residual functional capacity is what a claimant can still do despite existing
exertional and nonexertional limitations.  *Cooper v. Sullivan*, 880 F.2d 1152, 1155
26  n. 5 (9th Cir. 1989).  "Between steps three and four of the five-step evaluation, the
ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's
27  residual functional capacity."  *Massachi v. Astrue*, 486 F.3d 1149, 1151 n. 2 (9th
28  Cir. 2007).

ALJ's decision as follows:

1.     Plaintiff has severe impairments consisting of obesity, low back pain, and hypertension.  Plaintiff's depression is not a severe impairment.  (*Id.* at 5-6, 9.)

2.     Further rationale supporting the ALJ's negative credibility determination includes evidence that Plaintiff engaged in substantial gainful activity subsequent to June 1, 2006, the alleged onset date.  (*Id.* at 5.)  A work history report and Plaintiff's social security earnings record contradict her testimony that she did not work after the alleged onset date of disability.  (*Id.*)

3.     Plaintiff "has a mild limitation in maintaining concentration, persistence and/or pace that results only in a limitation to simple work."  (*Id.* at 6.)  Plaintiff has the RFC for light work activity.  (*Id.* at 10.)  She can push, pull, lift and carry without limitations, and climb, balance, stoop, kneel, crouch and crawl occasionally.  (*Id.*)  She is able to perform simple, repetitive tasks, complete a normal workday, and relate and interact with coworkers, supervisors, and the public.  (*Id.*)

4.     Plaintiff lacks the ability to perform her past relevant work.  (*Id.* at 8, 10.)

5.     At step five, based on Plaintiff's RFC and the Medical-Vocational Guidelines ("grids"), *see* 20 C.F.R. pt. 404, subpt. P, app. 2, "there are a significant number of unskilled, light jobs in the national economy which she could perform."  (*Id.* at 10; *see also id.* at 8.)

The decision of the Appeals Council, issued on March 1, 2010, stands as the final decision of the Commissioner.

## III.

## STANDARD OF REVIEW

This Court is empowered to review decisions by the Commissioner to deny benefits.  42 U.S.C. § 405(g).  The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001, *as*

1   *amended* Dec. 21, 2001).  If the court, however, determines that the ALJ's findings

2   are based on legal error or are not supported by substantial evidence in the record,

3   the court may reject the findings and set aside the decision to deny benefits.

4   *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*,

5   242 F.3d 1144, 1147 (9th Cir. 2001).

6        "Substantial evidence is more than a mere scintilla, but less than a

7   preponderance." *Aukland*, 257 F.3d at 1035.  Substantial evidence is such "relevant

8   evidence which a reasonable person might accept as adequate to support a

9   conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d

10  at 459.  To determine whether substantial evidence supports the ALJ's finding, the

11  reviewing court must review the administrative record as a whole, "weighing both

12  the evidence that supports and the evidence that detracts from the ALJ's

13  conclusion." *Mayes*, 276 F.3d at 459.  The ALJ's decision "'cannot be affirmed

14  simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d

15  at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)).  If the

16  evidence can reasonably support either affirming or reversing the ALJ's decision,

17  the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.*

18  (quoting *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

19                                **IV.**

20                         **ISSUE PRESENTED**

21        A single disputed issue is presented here:  whether the ALJ or the Appeals

22  Council's RFC assessment restricting Plaintiff to simple, repetitive work adequately

23  captures Plaintiff's "moderate" or "mild" limitations in concentration, persistence or

24  pace.  (Joint Stip. at 3-4, 7.)

25  /

26  /

27  /

28                                **V.**

5

1  **DISCUSSION AND ANALYSIS**

2       Plaintiff asserts that the ALJ and the Appeals Council erred in failing to

3  include their own findings – namely, that Plaintiff has "moderate" or "mild"

4  limitations in concentration, persistence and pace – in the RFC determination.  (Joint

5  Stip. at 3-4.)  Plaintiff claims that the RFC restriction to simple, repetitive work

6  inadequately accounts for the limitations in concentration, persistence and pace.

7  (*Id.*)

8       Defendant cites to *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173-74 (9th

9  Cir. 2008), where the court found that a restriction to simple, repetitive tasks

10 adequately captured deficiencies in concentration, persistence and pace.  (Joint Stip.

11 at 6.)  Defendant further argues that any limitation in concentration, persistence and

12 pace "are unsubstantiated by the record."  (*Id.* at 5.)

13      A.    Medical Assessments of Plaintiff

14       On August 11, 2006, psychiatrist Jobst Singer, M.D. ("Dr. Singer")

15 performed a psychiatric evaluation of Plaintiff.  (AR at 275-78.)  Dr. Singer

16 completed a mental status examination and found Plaintiff to be a "well developed

17 and well nourished female in no acute distress."  (*Id.* 276.)  Dr. Singer opined that:

18              Based on the interview, [Plaintiff's] ability to understand,

19              remember, and perform instructions is unimpaired for simple

20              tasks and mildly impaired for complex tasks.  Although

21              persistence cannot be fully evaluated in an evaluation of this

22              type, no psychiatric factors were identified that would

23              significantly interfere with [Plaintiff's] ability to complete a

24              normal day of work other than her reported difficulties.

25              [Plaintiff's] judgment showed no significant impairment during

26              the interview that would increase safety risks above normal in the

27              usual work setting.

28 (*Id.* at 277-78.)

6

On August 22, 2006, state agency physician C.H. Dudley, M.D. ("Dr. Dudley") completed a Psychiatric Review Technique form.  (AR at 287-97.)  Dr. Dudley found that Plaintiff has mild to moderate restriction of activities of daily living, mild difficulties in maintaining social functioning, and mild difficulties in maintaining concentration, persistence or pace.  (*Id.* at 295.)

On the same day, Dr. Dudley also completed a Mental Residual Functional Capacity Assessment form.  (AR at 298-302.)  Dr. Dudley determined that Plaintiff is moderately limited in her ability to understand, remember, and carry out detailed instructions.  (*Id.* at 298.)  However, Dr. Dudley found no other significant limitations.  (*See id.* at 298-99.)  Dr. Dudley concluded that Plaintiff "is able to perform simple task[s]."  (*Id.* at 301.)

B.    Appeals Council's Assessment of the Medical Evidence and Plaintiff's RFC

In assessing Plaintiff's RFC, the Appeals Council adopted Dr. Singer and Dr. Dudley's opinions and found that Plaintiff's treatment records did not contradict their opinions.  (*See* AR at 6-7.)  In particular, the Appeals Council explained:

[T]he Council adopts the State Agency assessment that [Plaintiff] has a mild limitation in maintaining concentration, persistence and/or pace that results only in a limitation to simple work.  The consultative examiner who undertook a comprehensive examination concluded that [Plaintiff] is mildly limited in performing complex tasks but she has no limitation in performing simple tasks.  A review of the treatment record  discloses consistent mental status examinations that were within normal limits . . . or indicated no specific abnormalities in thought processes or orientation. . . . [Plaintiff] testified to a full range of activities of daily living skills including cooking for herself, her daughter and her nephews; shopping; and planning for her family vacation.  Similarly, the treatment notes, even when indicating complaints of depression, otherwise show [Plaintiff] dealing with difficult situational problems[.]

7

1    (*Id.* at 6 (citations omitted).)

2         C.    The Appeals Council Properly Assessed Plaintiff's RFC

3         The Court is persuaded that the Appeals Council's RFC assessment restricting

4    Plaintiff to simple, repetitive tasks adequately captures limitations related to

5    concentration, persistence or pace.[3/]  Two reasons guide this determination.

6         First, the Court agrees that *Stubbs-Danielson* is applicable here.  In *Stubbs-*

7    *Danielson*, an examining physician opined that the plaintiff suffered from several

8    mild limitations in her mental functioning areas.  539 F.3d at 1173.  A state agency

9    physician further identified several moderate limitations in other mental areas, but

10   "ultimately concluded [that the plaintiff] retained the ability to carry out simple tasks

11   as evidenced by her ability to do housework, shopping, work on hobbies, cooking

12   and reading."  *Id.* (internal quotation marks omitted).

13        The ALJ concluded that the state agency physician's opinion that the plaintiff

14   was limited to "simple tasks" *included* the other limitations opined by the state

15   agency physician.  *Stubbs-Danielson*, 539 F.3d at 1174.  Therefore, the Ninth Circuit

16   held that "an ALJ's assessment of a claimant adequately captures restrictions related

17   to concentration, persistence, or pace where the assessment is *consistent with*

18   *restrictions identified in the medical testimony*."  *Id.* (emphasis added).

19        Here, the Appeals Council found that Plaintiff's mild limitations in

20   concentration, persistence or pace are adequately captured by a restriction to simple,

21

22        [3/]   The Court notes that Plaintiff argues that the ALJ erred because he "intended
23   that a limitation to simple repetitive work sufficed to accommodate a *moderate*
24   limitation in concentration persistence, and pace."  (Joint Stip. at 3 (emphasis
     added).)   However, Plaintiff does not dispute that the Appeals Council properly
25   rejected the ALJ's finding that Plaintiff suffered from any moderate limitations and
26   instead found that Plaintiff suffers from mild limitations in maintaining
     concentration, persistence or pace.  (*See generally id.* at 3-4, 7; *see* AR at 6.)
27   Accordingly, the Court will proceed with its analysis based on the Appeals
28   Council's decision.

1   repetitive work based on its assessment of the medical opinions in the record.  (*See*

2   AR at 6.)  A thorough review of the medical record supports this conclusion.  Dr.

3   Singer determined Plaintiff to be "unimpaired for simple tasks and mildly impaired

4   for complex tasks."  (*Id.* at 277.)  Dr. Singer also opined that "no psychiatric factors

5   were identified that would significantly interfere with [Plaintiff's] ability to

6   complete a normal day of work other than her reported difficulties."  (*Id.*)   Dr.

7   Dudley similarly assessed that Plaintiff has "mild" difficulties in maintaining

8   concentration, persistence, or pace, but ultimately concluded that Plaintiff "is able to

9   perform simple task[s]."  (*Id.* at 298, 301.)

10       Second, Plaintiff does not contest that the Appeals Council properly accepted

11   the opinions of Dr. Singer and Dr. Dudley.  (*See generally* Joint Stip. at 3-4, 7.)  Nor

12   does Plaintiff argue that any treating physician found Plaintiff to suffer from greater

13   mental limitations than those proposed by Dr. Singer or Dr. Dudley.  (*Id.*)  Instead,

14   Plaintiff contends that a "limitation to 'simple work' does not address deficiencies in

15   concentration, persistence, or pace" and therefore must "be included in the

16   hypothetical posed to the VE."  (*Id.* at 3.)  Plaintiff cites *Brink v. Comm'r of Soc.*

17   *Sec. Admin.*, 2009 WL 2512514, at *1 (9th Cir. 2009), where the court found that a

18   restriction to "simple, repetitive work" failed to include limitations in concentration,

19   persistence and pace.  (Joint Stip. at 7.)

20       However, the *Brink* case is inapposite.  There, the court found the medical

21   evidence established that the plaintiff's limitations in concentration, persistence or

22   pace were not adequately captured by an RFC assessment of simple, repetitive work.

23   *Brink*, 2009 WL 2512514, at *1.  Contrary to Plaintiff's assertion, a limitation *must*

24   *be* included in the RFC determination *only where* the record provides substantial

25   evidence of such limitations.  *See id.*  As explained above, the medical opinions in

26   this case support a finding that Plaintiff is capable of simple, repetitive work, despite

27   any mild limitations in concentration, persistence or pace.  *See Sabin v. Astrue*, 2009

28   WL 2013526, at *2 (9th Cir. 2009) (finding ALJ properly assessed medical evidence

in determining that despite moderate difficulties as to concentration, persistence, or pace, claimant could perform simple and repetitive tasks on a consistent basis). Accordingly, substantial evidence supports the Appeals Council's determination.

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **AFFIRMING** the decision of the Commissioner denying benefits.

Dated: February 10, 2011

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

10